# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | **CIVIL NO. 1:CV-13-1085** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Terry Middleton ("Plaintiff") brings this action against the Bureau of Prisons and United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 and 1346. He is currently incarcerated at the Federal Correctional Institution at Allenwood (FCI-Allenwood-Medium), Pennsylvania. Defendants have filed a motion to dismiss, or in the alternative for summary judgment. (Doc. No. 23.) Presently pending are Defendants' motions to seal documents submitted in support of this motion filed on November 7, 2013. (Doc. Nos. 24, 26.) Also before the Court for consideration is Plaintiff's motion for appointment of counsel (Doc. No. 32) and motions for subpoena duces tecum to obtain copies of the sealed documents. (Doc. Nos. 34, 40.) On July 22, 2014, counsel entered an appearance of behalf of Plaintiff. (Doc. No. 42.) Counsel for the parties have filed a joint motion for protective order with attached signed Stipulation (Doc. 44) that addresses the outstanding pending documents Defendants have previously requested to seal in this matter.

## I.    Background

In the complaint, Plaintiff sets forth allegations stemming from his inmate work assignment at FCI-Allenwood in January of 2012 as a Grade One Clerk in the Food Service

Department under Assistant Food Service Administrator ("AFSA") Dave Nau. Plaintiff claims that Nau was negligent for giving him authority to make decisions regarding te work assignments of other inmates that ultimately resulted in Plaintiff's assault by a disgruntled inmate. He further claims that Food Supervisor Matukaitis was negligent for placing this inmate on Plaintiff's roster when he was not assigned to the Food Service Department. In addition, Plaintiff claims that Unit Officer Walters was negligent when he failed to monitor the inmate traffic within and outside of the unit at the time of the attack.

Defendants have filed a motion to dismiss, or in the alternative for summary judgment. (Doc. No. 23.) A brief in support of the motion has not yet been filed. Rather, Defendants filed motions to submit certain documents under seal. (Doc. Nos. 24, 26.) The documents are certain exhibits Defendants wish to offer in support of their motion to dismiss, or in the alternative for summary judgment. Defendants seek to have these documents not only sealed from disclosure to the public on the docket, but also from disclosure to Plaintiff as well. In response to Defendants' motions, Plaintiff filed motions for subpoena duces tecum in an effort to obtain copies of the documents.

Prior to the Court's resolution of these motions, Plaintiff recently obtained counsel to represent him in this matter. (Doc. No. 42.) The parties have now filed a joint motion for protective order with an attached Stipulation signed by counsel for both parties addressing the confidentiality of the documents that are the subject of Defendant's pending motions to seal. (Doc. No. 44.)

## II.    Discussion

Plaintiff has recently obtained counsel to represent him in this matter. As such, his pending motion for the appointment of counsel (Doc. No. 32) will be denied as moot. With

respect to the pending motions to seal, the parties have filed a joint motion for protective order with an attached Stipulation signed by counsel for both parties which seeks the following relief:

    1.  The parties shall abide by the terms and considerations set forth in the Stipulation attached to the motion for protective order;

    2.  The Defendants' documents submitted under seal on November 7, 2013, shall be sealed pending further order of this Court;

    3.  The Clerk is directed to provide access to the sealed documents filed on November 7, 2013, only to counsel in this case; and

    4.  The Defendants' pending motions to seal (Doc. Nos. 24, 26) are denied as moot.

(Doc. No. 44.)   In the Stipulation, counsel for the parties agree that the documents originally submitted by Defendants with their motions to seal (Declaration of Special Investigative supervisor Lieutenant James Lyons and attachments thereto and Attachment 3 of the Declaration of Assistant Food Service Administrator David Nau) will be sealed on the docket for in camera review by the Court.   With respect to the Declaration of Lyons, this document may be possessed only by counsel for Plaintiff, and may not be disclosed to or possessed by Plaintiff.[1]   With respect to Attachment 3 to the Nau Declaration, counsel for the parties agree that said document may be possessed only by Plaintiff's counsel, however counsel may show Plaintiff a copy of said document.   References to any of the sealed documents are to be submitted under seal, and at the conclusion of this litigation, the sealed documents provided to Plaintiff's counsel will either be returned to counsel for Defendants or destroyed.   (Doc. No. 44-2.)

Based on the foregoing agreement of the parties, Defendants' original motions to seal the documents (Doc. Nos. 24, 26) and Plaintiff's motions for subpoena duces tecum (Doc. Nos. 34,

---

    [1]   The Stipulation does provide that counsel for Plaintiff may provide it to secretaries, legal assistants, paralegals and associates working under the direct supervision of Plaintiff's counsel, as well as court personnel.

40) will be denied as moot.  The joint motion for protective order filed by the parties (Doc. No. 44) will be granted, and the Stipulation signed by counsel for the parties will be binding with respect to the confidential treatment of the Declaration of James Lyons with attachments and Attachment 3 of the Declaration of David Nau.  These documents will be sealed by the Clerk of Court and available only to the Court for in camera review.  The Clerk of Court will be directed to provide a copy of said documents to counsel for Plaintiff.   Defendants will also be directed to file their brief in support of the pending motion to dismiss, or in the alternative for summary judgment.  An appropriate order follows.