PJS:MAS:all

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY MIDDLETON,**<br>　　　　**Plaintiff,** | **Civil No. 1:13-CV-1085** |
| **v.** | **(Kane, J.)** |
| **UNITED STATES OF AMERICA,**<br>　**et al.,**<br>　　　　**Defendants.** | **Filed Electronically** |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

**Date:   September 24, 2014**

**PETER J. SMITH**
**United States Attorney**

**MELISSA SWAUGER**
**Assistant U.S. Attorney**
**Attorney I.D. PA 82382**
**ANITA L. LONG**
**Paralegal Specialist**
**U.S. Attorney's Office**
**228 Walnut Street, 2nd Floor**
**Harrisburg, PA   17108-1754**
**Phone:   (717) 221-4482**
**Facsimile: (717) 221-2216**

# Table of Contents

Table of Authorities......................................................................................ii

Introduction..................................................................................................1

Procedural History ......................................................................................2

Statement of Material Facts ........................................................................4

Questions Presented.....................................................................................7

Argument......................................................................................................8

Middleton's FTCA claim should be dismissed for lack of
subject matter jurisdiction in accordance with Federal
Rule of Civil Procedure 12(b)(1) ................................................................8

    A.  Legal Standard ................................................................................8

    B.  The United States is the only proper defendant in an
        FTCA action ...................................................................................9

    C.  Middleton's FTCA claim is barred by the discretionary function
        exception......................................................................................10

Alternatively, summary judgment should be entered in
Defendants' favor because the undisputed record
demonstrates that Defendants did not breach any duty
owed to Middleton .....................................................................................18

    A.  Legal standard..............................................................................18

B. The undisputed record demonstrates that the United States did not breach any duty owed to Middleton ................................. 20

Conclusion ............................................................................. 26

## Table of Authorities

**(see attached)**

# I.   Introduction

This is an action brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., by Terry Middleton, a federal prisoner incarcerated in the Allenwood Federal Correctional Institution in White Deer, Pennsylvania (FCI Allenwood), against the United States of America and Federal Bureau of Prisons (BOP).   Middleton alleges that BOP staff was negligent in allowing him to decide work assignments in the food services department, assigning inmate Smith to the food service department, and not monitoring inmate traffic in and out of his unit prior to him being attacked. (Doc. 1, Complaint, ¶¶23, 25, 37-38.)[1] Middleton further alleges that such negligence led to Smith attacking him on January 6, 2012. (Id.)   As relief, Middleton seeks $135,000.00 as compensation for pain and suffering.   (Id. ¶30.)

Defendants have moved to dismiss the complaint, or alternatively, for issuance of summary judgment in their favor.   This Court should

---

[1] On July 30, 2013, Middleton filed a motion seeking to amend his complaint which was granted on November 22, 2013.   The court ordered that the word "negligent" in paragraphs 31, 32, 35, 38 and 41 of the complaint be replaced by the words "negligent, lazy, careless and inattentive."   (Doc. 33, Order.)

dismiss the BOP as a party to this action because the United States is the only proper party in a FTCA action.   Additionally, this Court lacks subject matter jurisdiction over Middleton's claims due to the discretionary function exception to the FTCA.

Alternatively, this Court should grant summary judgment in the United States' favor because the undisputed evidence demonstrates that the United States did not breach its duty to Middleton.

## II.   Procedural History

Middleton filed his complaint (doc. 1) on April 25, 2013.   The United States was served with the summons and complaint on May 21, 2013.

On November 4, 2013, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 23, Motion.)   On November 7, 2014, Defendant filed motions to submit certain records under seal, along with the proposed sealed documents.   (Docs. 24, 26, Motions.)   Defendant requested and was granted an enlargement of time to file a brief in support of the dispositive motion until 14 days after

the court made its determination regarding the motions to seal.   (Doc. 31, Order.)

Middleton filed several motions as a pro se litigant until July 22, 2014, when Attorney Marianne Sawicki entered her appearance on behalf of Middleton.   (Doc, 42, Notice of Appearance.)   On August 4, 2014, the parties filed a joint motion for protective order with a stipulation executed by the parties attached. (Doc. 44, Motion.)   The parties asked the court to seal certain documents in support of the defendants' motion and to provide access to the sealed documents only to counsel in this case.   (Id.)

The Court issued a Memorandum and Order on September 10, 2014, denying as moot Middleton's motion for appointment of counsel and defendants' motion to seal.   (Doc. 45, Memorandum, Doc. 46, Order.)   The court granted the joint motion for protective order, ordering that the declaration of James Lyons with attachments and Attachment 3 to the declaration of David Nau be sealed on the docket and available only to the court for in camera review.   The Court further directed the Clerk to provide a copy of the sealed documents to

Middleton's counsel.   Finally, the court directed defendants to file a brief in support of its motion to dismiss or, in the alternative, for summary judgment on or before September 24, 2014.   (Doc. 46, Order.) This supporting brief is timely submitted in accordance with the court's order.

### III.   Statement of Material Facts

Middleton was assigned as a clerk to the food service work detail on April 8, 2010, until he was housed in the Special Management Unit (SHU) on January 6, 2012.   (Defendants' statement of material facts (SMF) ¶¶1-2, 6.)   As a food service clerk, Middleton performed general office functions and clerical duties as directed by the food service administrative staff, including assisting the cook supervisors with placing inmates newly-assigned to the food service detail into open positions within the food service department. (Id. ¶¶7-8.) Middleton would post names on an assignment board which he presented to the cook supervisors for approval. (Id. ¶9.) After approval, the cook supervisors would enter the newly-assigned inmates into the food service program for accountability purposes. (Id. ¶10.) Middleton was not

4

responsible for any inmate's performance pay, the assignment of pay grades, the completion of pay sheets, or the assignment of inmates to or remove inmates from the food service work detail.   (Id. ¶¶11-12.) These tasks were the responsibility of the cook supervisors.   (Id. ¶13.)

Inmate Smith was assigned to the food service detail on January 4, 2012, by his assigned correctional counselor. (Id. ¶14.)   An inmate's unit team ordinarily makes work and program assignments.   (Id. ¶15.) Once food service staff discovered the assignment and verified that inmate Smith had not gone through the appropriate checks prior to being assigned to food service, the correctional counselor was notified, and Smith was removed from the food service detail and placed on another work detail the same day.   (Id. ¶¶16-17.)

On January 6, 2012, an FCI Allenwood control center officer observed an inmate-on-inmate fight occurring just outside the entrance to Unit 2-A.   (Id. ¶18.)   Staff immediately responded to the location and separated the two inmates, identified as Middleton and Smith. (Id. ¶19.) Smith told staff that the fight occurred because Middleton had removed him from the food service roster.   (Id. ¶20.)   Middleton told staff that

the fight occurred because Smith believed Middleton had removed him from the food service job assignment.   (Id. ¶23.)

During the disciplinary process and investigation, it was determined that inmate Smith assaulted Middleton.   (Id. ¶25.)   Smith was issued an incident report for the assault and at his disciplinary hearing, he admitted to assaulting Middleton.   (Id. ¶26, 29.)

The officer assigned to Unit 2-A at the time of the assault witnessed inmate Smith on top of Middleton with a knee on Middleton's chest as Middleton was lying on the sidewalk. (Id. ¶31.)   The officer was not required to be at any particular location in Unit 2-A at any specific time during his eight-hour shift. (Id. ¶32.) He was required to use sound judgment in monitoring his assigned housing unit, which contains upwards of 160 inmates, and to monitor inmate movements. (Id. ¶33.)

It is not unusual for a housing unit officer to be in the officer's station at any point during his shift because the officer's station is his office and is the only place he has access to a staff telephone or restroom. (Id. ¶¶35-36.)   He may need to be in the station to fulfill other duties, especially during the approximate 90-minute long dinner time move,

which is when inmate Smith attacked Middleton. (<u>Id.</u> ¶37.)   There was no appearance of any possible staff misconduct related to the incident and no finding that staff, including the Unit 2-A officer, acted inappropriately or outside any post orders.   (<u>Id.</u> ¶¶38-39.)

In January, 2012, Assistant Food Service Administrator Nau was questioned by inmate Smith as to Middleton's involvement in Smith's removal from the food service work detail, and he explained that Middleton had no involvement in Smith's assignment to or removal from food service.   (<u>Id.</u> ¶¶40-41.)   Inmate Smith then stated that his beliefs were mistaken, and he should not have assaulted Middleton. (<u>Id.</u> ¶42.)

## IV.   Questions Presented

1.   Should the Court dismiss Middleton's FTCA claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the United States is the only proper defendant in an FTCA action and Middleton's claims are barred by the discretionary function exception to the FTCA?

2.   Alternatively, should the Court grant summary judgment in favor of the United States because the undisputed evidence demonstrates that the United States did not breach its duty to Middleton?

## IV.   Argument

## I.   Middleton's FTCA claim should be dismissed for lack of subject matter jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(1).

### A.   <u>Legal Standard.</u>

The United States seeks dismissal of Middleton's claims under Rule 12(b)(1) because this Court lacks jurisdiction over the subject matter of this case.   The burden to prove proper jurisdiction rests with the plaintiff.   <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).

There are two types of Rule 12(b)(1) motions, those which "attack the complaint on its face" and those which "attack the existence of subject matter jurisdiction in fact, quite apart from any pleading."   <u>Id.</u> Here, the United States attacks the fact of jurisdiction.

Under a Rule 12(b)(1) analysis challenging the existence of subject matter jurisdiction, "no presumptive truthfulness attaches to a plaintiff's allegations."   <u>Id.</u>   Rather, because the court is attempting to determine whether it has the power to consider a case, it may consider matters outside the pleadings, such as affidavits.   <u>Id.</u>   The court may

even evaluate disputed material facts and "is free to weigh the evidence" to ensure it has the "power to hear the case."   Id.

## B. The United States is the only proper defendant in an FTCA action.

The FTCA, section 2679(b)(1) provides,

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death arising or resulting from the negligent of wrongful act or omission of any employee of the Government while acting in the scope of his office or employment is exclusive of any other civil action or proceeding for money damages . . . .

28 U.S.C. § 2679(b)(1).   In accordance with this statutory language, the only proper defendant in a FTCA action is the United States.   Id. at § 2674.

In his complaint, Middleton names the United States and the Federal Bureau of Prison as defendants.   (Compl. (Doc. 1) at 1.) Courts have found that a complaint filed pursuant to the FTCA must be brought against the United States; an agency or employee of the government is not a proper defendant to such an action.   Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988); Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983) (finding that the

FTCA "authorizes suits only against the United States itself, not its individual agencies.") (citing 28 U.S.C. § 2680(a)).     Therefore, the BOP is not a proper defendant and should be dismissed as a party from this action.

### C.   Middleton's FTCA claim is barred by the discretionary function exception.

Middleton seeks $135,000 in damages as a result of injuries sustained following an assault upon him by inmate Smith on January 6, 2012.   (Compl. (Doc. 1) ¶¶21-22.)   He alleges that Smith attacked him because of the following negligent acts (1) Nau giving him the authority to make decisions regarding work assignments of other inmates, (2) placing Smith in the food services department, and (3) Unit Officer Walters failure to monitor inmate traffic in and out of the unit prior to the attack.   (Id.   ¶¶23, 25, 37-38.)

A significant limitation on FTCA claims is imposed by 28 U.S.C. § 2680(a), which provides that the United States' liability may not be premised on:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or

> regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). To the extent an alleged act falls within the discretionary function exception, a court lacks subject matter jurisdiction. See Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998); Jurzec v. American Motors Corp., 856 F.2d 1116, 1118 (8th Cir. 1988).

The United States Supreme Court has adopted a two part inquiry with respect to § 2680(a). First, a court must decide if "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." Berkovitz v. United States, 486 U.S. 531, 536-37 (1988). If so, "the employee has no rightful option but to adhere to the directive." Id. The challenged governmental action must be the product of "judgment or choice" in order for the discretionary function exception to apply. Id. "Conduct is not discretionary unless it involves an element of judgment or choice." Koch v. United States, 814 F. Supp. 1221, 1227 (M.D. Pa. 1993).

If the act was discretionary under the first step, then the second part of the inquiry requires the judgment or choice be based on "considerations of public policy." <u>Berkovitz</u>, 486 U.S. at 537. The primary focus of the second part is "on the nature of the actions taken and on whether they are susceptible to policy analysis." <u>United States v. Gaubert</u>, 499 U.S. 315, 325 (1991).

The United States' duty of care owed to a federal prisoner is set forth in 18 U.S.C. § 4042. Although "[t]he Government is not an insurer of the safety of a prisoner," the BOP must exercise "ordinary diligence to keep prisoners safe and free from harm." <u>Jones v. United States</u>, 534 F.2d 53, 54 (5th Cir. 1976); <u>see</u> <u>Hossic v. United States</u>, 682 F. Supp. 23, 25 (M.D. Pa. 1987)(holding 18 U.S.C. § 4042 establishes "ordinary diligence" standard of care for prisoner negligence suits under the FTCA). Prison officials are therefore obliged "'to exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him.'" <u>Hossic</u>, 682 F. Supp. at 25 (quoting <u>Muniz v. United States</u>, 280 F. Supp. 542, 547 (S.D.N.Y. 1968)).

"While prison officials have a statutory duty to provide for the 'safekeeping' of inmates, [§ 4042] leaves the implementation of these duties to the discretion of prison officials, and 'how best to protect one inmate from the threat of attack by another is of the kind that the discretionary function exception was designed to shield.'" Rinaldi v. United States, Civ. No. 1:CV-09-1700, 2010 WL 4642498, slip op. at * 4 (M.D. Pa., Nov. 9, 2010)(Rambo, J.) (copy attached) (citations omitted).

In Donaldson v. United States, 281 F. App'x 75 (3d Cir. 2008) and Rinaldi v. United States, 460 F. App'x 80 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit held that "there is no federal statute, regulation, or policy that requires the BOP to take a particular course of action to ensure an inmate's safety from attacks by other inmates."   Donaldson, 281 F. App'x at 78; Rinaldi, 460 F. App'x at 81.   The Third Circuit further concluded that the BOP's decisions on how to protect inmates from other inmates were the kind of judgments that "the discretionary function exception was designed" to protect. Donaldson, 281 F. App'x at 78; Rinaldi, 460 F. App'x at 82.   Even if ultimately such a decision was wrong, it was still discretionary and is

therefore covered by the discretionary function exception.   Alfrey v. United States, 276 F.3d 557, 564 (9th Cir. 2002); Calderon v. United States, 123 F.3d 947 (7th Cir. 1997).

Federal courts have consistently held that the discretionary function exception to the FTCA bars claims for injuries caused by other inmates.   See Donaldson, 281 F. App'x at 77; Rinaldi, 460 F. App'x at 82; Castillo v. United States, 166 F. App'x 587, 589 (3d Cir. 2006); Pratt v. United States, Civ. No. 1:11-CV-1337, 2012 WL 4103912, slip op. at *3 (M.D. Pa. Sept. 12, 2012) (Caldwell, J.) (copy attached); Thrower v. United States, Civ. No. 1:11-CV-1663, 2012 WL 3679702, slip op. at *9 (M.D. Pa. Aug. 24, 2010) (Conner, J.) (copy attached); Michtavi v. United States, Civ. No. 4:07-CV-0628, 2009 WL 578535, slip op. at *10 (M.D. Pa. Mar. 4, 2009) (Jones, J.) (copy attached); Alfrey v. United States, 276 F.3d 557, 564 (9th Cir. 2002) (finding decision by BOP officials not to respond to or report inmate threats protected by discretionary function exception); Dykstra v. Bureau of Prisons, 140 F.3d 791, 796 (8th Cir. 1998) (holding the failure to protect an inmate from a sexual assault by another inmate is protected by the discretionary function exception);

Calderon v. United States, 123 F.3d 947, 949 (7th Cir. 1997) (opining discretionary function exception applied when inmate informed officers about another inmate's threats).

Likewise, courts have also determined that the BOP's actions in transferring, classifying, and placing prisoners in particular institutions, units and cells, falls within the discretionary function exception.   Cohen v. United States, 151 F.3d 1338, 1345 (11th Cir. 1998); Enlow v. United States, 161 F. App'x 837, 840-41 (11th Cir. 2006); Santana-Rosa v. United States, 335 F.3d 39, 43 (1st Cir. 2003) (holding decisions with regard to assignment of prisoners to particular units or placement in cells must be viewed as falling within the discretionary function exception).

Here, the alleged negligence that Middleton asserts by staff in the food service department and by the officer in his housing unit were not actions which were in contravention of any statute, regulation, or policy. The implicated staff had the discretion or the choice to make the decisions they made, which Middleton describes as negligence. Middleton was not placed in a position of authority over other inmates;

he did not assign inmates to work details in food service; nor did he remove them from their work details. (Defendants' SMF ¶¶7-12.)   Cook supervisors were responsible for such tasks.  (Id. ¶13.)   Additionally, once food service staff discovered inmate Smith should not be assigned to food service, he was immediately removed from such detail. (Id. ¶¶14-17.)

Furthermore, the unit officer assigned to Middleton's housing unit on January 6, 2012, was subject to post orders which did not state any particular location he was supposed to be at during the 90-minute move and provided he was to use his sound judgment in monitoring his assigned housing unit.  (Id. ¶¶32-34.)   The guidelines provided by the post orders are not intended to require that each employee monitor the whereabouts of each and every inmate at every minute of the day. Moreover, there is nothing in the record indicating that either staff or Middleton had any reason to believe that there was any specific threat to Middleton's safety.   Notably, Middleton never reported to any staff that

he may be in danger of being assaulted, even though, according to his alleged facts, the alleged negligence spanned a period of two to three days.

Thus, Middleton cannot show that the conduct of staff violated any prescribed policy, and therefore, the first prong of the discretionary function exception is satisfied.   The question then becomes whether the conduct is of the kind that the discretionary function exception was designed to shield.   As the Supreme Court has repeatedly recognized, broad deference is to be afforded to the discretion exercised by prison administrators in adopting and executing policies and practices to address the day-to-day complexities in operating a correctional facility. See Thornburg v. Abbott, 490 U.S. 401, 408 (1989); Turner v. Safley, 482 U.S. 78, 85 (1987).   In making decisions regarding the manner in which staff assign duties to inmate workers or monitor and protect inmates, officials have to consider such factors as inmate security levels, available resources, classification of inmates, and other factors that involve judgments grounded in policy considerations.

In sum, the decisions made by staff with regard to Middleton's job duties as a food service clerk, the placement and immediate removal of inmate Smith from a job assignment after he had been placed on a food detail in error, and the location of an officer at the moment when inmate Smith attacked Middleton are all discretionary decisions protected by the discretionary function exception to the FTCA.   As such, this Court lacks subject matter jurisdiction over Middleton's FTCA claim, which should be dismissed.

## II.   Alternatively, summary judgment should be entered in the United States' favor because the undisputed record demonstrates that it did not breach any duty owed to Middleton.

### A.   <u>Legal Standard</u>

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A fact is material if it "affect[s] the outcome of the suit."   <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court must "view the facts and draw reasonable inferences 'in the light most

favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007)(quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

Once the moving party establishes there are no genuine issues for trial, the non-moving party must proffer some evidence that an issue of material fact remains. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A non-moving party may not, however, "rely merely upon bare assertions, conclusory allegations or suspicions" to defeat a motion for summary judgment. Fireman's Ins. Co. v. Du Fresne, 676 F.2d 965, 969 (3d Cir. 1982). "[U]nsupported allegations" should not be considered when considering summary judgment. Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). Additionally, "self-serving affidavits are insufficient to withstand a motion for summary judgment." Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002)(citations omitted). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

(1986)(quoting <u>First Nat'l Bank of Az. v. Cities Serv. Co</u>., 391 U.S. 253, 289 (1968)).

## B. **The undisputed record demonstrates that the United States did not breach any duty owed to Middleton.**

In the event the court finds that it has subject matter jurisdiction over Middleton's FTCA claim, which the United States disputes, then the United States is alternatively entitled to summary judgment because the record evidence reveals there was no breach of duty owed to Middleton.  Middleton did not assign inmate shifts; once staff learned that Smith should be removed from the food detail, he was removed; and staff properly monitored inmate traffic during the move prior to Smith's attack on Middleton.

The FTCA governs all claims against the United States "for money damages for injury or loss of personal property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2675(a).  Further, under the FTCA, the United States is liable "in the same manner and to the same extent as a

private individual under like circumstances, but shall not be liable for . . . punitive damages." Id. at § 2674.   The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court" and the "'extent of the United States' liability under the FTCA is generally determined by reference to state law.'" In re Orthopedic Bone Screw Product Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001) (quoting Molzof v. United States, 502 U.S. 301, 305 (1992)).

It is well-settled that a federal district court, in considering a FTCA action, must apply "the law of the place where the alleged [tortious] act or omission occurred[,]" which in this case is Pennsylvania. Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987).   "In order to establish a cause of action for negligence, a plaintiff must prove the following four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994)(citation omitted). Moreover, in any negligence action, "establishing a breach of a legal duty

is a condition precedent to a finding of negligence." Estate of Swift by Swift v. Northeastern Hosp., 690 A.2d 719, 722 (Pa. Super. 1997).

The Superior Court of Pennsylvania has stated that a duty is "predicated on the relationship existing between the parties at the relevant time." Pittsburgh Nat'l Bank v. Perr, 637 A.2d at 336 (citing Morena v. South Hills Health System, 501 Pa 634, 642 n. 5 (1983)).   18 U.S.C. § 4042 establishes the duty that the BOP has to those in its care -- to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States."   The government's duty of care to federal prisoners is one of ordinary diligence, meaning that the United States must "exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." 18 U.S.C. §4042; see also Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987).   The United States, however, is "not an insurer of the safety of a prisoner."   Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987) (Rambo, J.) (internal citations omitted).

"'In FTCA suits brought by inmates alleging assaults by other inmates, a breach of the duty of ordinary care usually requires a showing that correctional officials knew of a potential problem between the two inmates prior to the assault.  In other words, there must be knowledge on the part of such officers in charge that such injuries will be inflicted, or good reason to anticipate such, and following that, there must be a showing of negligence on the part of these officials in failing to prevent the injury.'"  Michtavi v. United States, 2009 WL 578535 at *8 (quoting Macias v. United States, 2006 WL 1843111, *2 (D.N.J. June 30, 2006) (citations omitted)).

Here, the record is devoid of any indication that any staff was forewarned or should have known that inmate Smith blamed Middleton for his removal from this work detail and/or that he intended to harm Middleton.  In fact, Middleton does not allege that any staff had any knowledge of inmate Smith's thoughts or beliefs on the matter, nor does he allege that he informed anyone that he may be in danger from inmate Smith.  Furthermore, Middleton himself did not appear concerned about inmate Smith posing a danger to him because he did not seek

protective custody pursuant to § 541.22(a)(5) (noting that an inmate may "check himself in" to the special housing unit "for the inmate's own protection.")

The undisputed record further demonstrates that post orders did not dictate where Officer Walters should have been located during the 90-minute inmate move when Middleton was assaulted by inmate Smith. (Defendants' SMF ¶¶32-37.)  And because there are no such requirements in the post orders, Captain Bergan cannot have been negligent by failing to train officers to abide by instructions which do not exist.  (Compl. (Doc. 1) ¶¶ 30-41.)   As such, Middleton fails to demonstrate the United States breached a duty with regard to monitoring inmate traffic in and out of his unit prior to the attack.

With regard to the alleged negligence of permitting Middleton to assign inmates in the food service department, the undisputed record demonstrates, he was not provided with such authority. (Defendants' SMF ¶¶7-12.)  Rather, the undisputed record demonstrates that cook supervisors were responsible for the decisions regarding work assignments in the food services department. (Id. ¶13.)   As such,

24

Middleton cannot demonstrate the United States was negligent in how it decided who would work what assignments in the food services department.

With regard to assigning inmate Smith to the food service department, the record is devoid of any evidence that the United States breached a duty to Middleton.   As previously noted, the United States had no knowledge that placing inmate Smith in the food service department or removing him from the food services department would lead to Middleton being attacked by inmate Smith.

In sum, Middleton fails to make the requisite showing for a claim of negligence.   Because Middleton fails to establish that prison officials breached their duty of ordinary care, the United States is entitled to summary judgment with regard to Middleton's FTCA claim.

## V.   Conclusion

For the above stated reasons, defendants' motion to dismiss or, in the alternative, for summary judgment should be granted.

Respectfully submitted,

PETER J. SMITH
United States Attorney

Date:   September 24, 2014

MELISSA SWAUGER
Assistant United States Attorney
Attorney I.D. PA 82382
ANITA L. LONG
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
Harrisburg, PA   17108-1754
Phone:   (717) 221-4482
Facsimile: (717) 221-2216

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY MIDDLETON,**<br>**Plaintiff,** | **Civil No. 1:13-CV-1085** |
| **v.** | **(Kane, J.)** |
| **UNITED STATES OF AMERICA,**<br>**et al.,**<br>**Defendants.** | **Filed Electronically** |

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on September 24, 2014 she served a copy of the attached

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

upon the Addressee listed below via the Court's computerized Electronic Case Filing system.

Addressee:
Marianne Sawicki
Attorney for Plaintiff
mariannesawicki@verizon.net


<u>s/ Anita L. Long</u>
ANITA L. LONG
Paralegal Specialist