# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TERRY MIDDLETON, | : | |
| --- | --- | --- |
| Plaintiff | : | CIVIL NO. 1:13-CV-01085 |
| v. | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## MEMORANDUM

The instant tort action was filed by Terry Middleton, an inmate confined at the Federal Correctional Institution in Allenwood, Pennsylvania ("FCI-Allenwood"). In his complaint, Plaintiff seeks compensation for injuries stemming from an assault by another inmate on January 6, 2012. Currently before the Court is Defendant's motion to dismiss the complaint (Doc. No. 23). For the reasons set forth below, the motion will be granted, and Plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.

## I. Background

On April 8, 2010, Plaintiff was assigned as a clerk to the food service work detail at FCI-Allenwood. (Doc. No. 52 at 8.) Plaintiff's official responsibilities included assisting the cook supervisors with placing inmates into positions within the food service department, but not the power to directly assign or remove inmates from these positions. (Id. at 8–9.) On January 6, 2012, another inmate, Eugene Smith, attacked Plaintiff in his housing unit under the belief that Plaintiff had removed him from the food service roster. (Id. at 9, Doc. No. 55 at 3.) Smith overpowered Plaintiff, holding him on the ground with his knee on his chest, and assaulted him for over ten minutes before the prison staff broke up the fight. (Doc. No. 52 at 10; Doc. No. 55 at 4.)

Plaintiff contends that Smith believed Plaintiff was responsible for this because the prison staff did in fact order Plaintiff to carry out many supervisory tasks over other inmates in violation of the prison's written policies. (Doc. No. 55 at 3.) Plaintiff also contends that Smith was able to enter his housing unit and continue the assault for as long as he did because Officer Walters, who was in charge of the housing unit at the time, secluded himself in an office after unlocking the unit doors to allow the inmates to go to dinner. (Id. at 4.) Defendant contends that Plaintiff was never in fact given authority over other inmates and that Officer Walters did not neglect his duty by stationing himself in the officer's station. (Doc. No. 51 at 3, 7–8.)

Plaintiff filed the instant complaint on April 25, 2013, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., alleging that prison officials acted negligently by ordering him to conduct supervisory activities over other inmates and by failing to adequately monitor his housing unit. (Doc. No. 1 at 6–8.) Defendant now moves to dismiss the complaint for lack of jurisdiction or, in the alternative, move for summary judgment. (Doc. No. 23.) For the reasons set forth below, this court will grant Defendant's motion to dismiss.

## II.  Legal Standard

### A.  Motion to Dismiss—Lack of Jurisdiction

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A party may challenge whether a district court has subject matter jurisdiction to hear a given claim through a motion to dismiss under Rule 12(b)(1). A court may treat a Rule 12(b)(1) motion as either a facial or factual challenge to jurisdiction. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, the court must

accept all of the allegations in the complaint as true, whereas when reviewing a factual attack the court has no obligation to accept the truth of these allegations and may base its decision on information not contained in the complaint.  Id.; see also Gould Elecs. v. United States, 220 F.3d 169, 176–77 (3d Cir. 2000).  As subject matter jurisdiction is a fundamental prerequisite for any judicial action, the court cannot consider the merits of a claim without first determining that it has jurisdiction.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

### III.  Analysis

Defendant argues primarily that the instant complaint must be dismissed for lack of subject matter jurisdiction because the actions complained of fall within the "discretionary function exception" to the FTCA.  (Doc. No. 52 at 14–22.)  Alternatively, Defendant argues that it should be granted summary judgment on the merits of the complaint.  (Id. at 24–29.)  Because this court finds that it lacks subject matter jurisdiction, it will not reach the issue of summary judgment.

#### A.  Subject Matter Jurisdiction

Federal courts are without jurisdiction to hear cases filed against the United States under the doctrine of sovereign immunity, which holds that a sovereign entity is "immune from suit save as it consents to be sued."  United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 31 U.S. 584, 586 (1941)).  The Federal Tort Claims Act (FTCA), grants this very consent for the United States to be sued for torts committed by persons acting on its behalf.  See 28 U.S.C. §§ 1346(b), 2671 et seq.

The FTCA does not, however, grant consent to be sued for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on

the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This exception, known as the "discretionary function exception," is applied according to the following two-part inquiry:

> First, a court must determine whether the act involves an element of judgment or choice. The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. Second, even if the challenged conduct involves an element of judgment, the court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

Mitchell v. United States, 225 F.3d 361, 363–64 (3d Cir. 2000) (internal citations and punctuation omitted). Defendant argues that the actions undertaken in this case both fall within the discretionary function exception.

With regard to Officer Walter's alleged failure to protect Plaintiff, Defendant maintains that the only legal standard Officer Walter was held to is the general duty imposed on all Bureau of Prisons (BOP) staff to provide for the safekeeping and protection of prisoners. 18 U.S.C. § 4042(a). Plaintiff counters that the BOP has in fact "promulgated hundreds of mandatory policies" that limit the discretion its employees may exercise in numerous situations involving inmate safety. (Doc. No. 55 at 8.) Plaintiff points to several "General Post Orders" at FCI-Allenwood that stipulate specific procedures regarding inmate safety that were not followed

4

during the attack on Plaintiff. (Id. at 9.) Defendant does not contest that the procedures in question were not followed, but argues that the documents Plaintiff relies on are "guidelines" rather than regulations, and are intended as advise for employees, not restrictions upon them. (Doc. No. 57 at 4–8.)

This court agrees with Defendant. The "post orders" in question repeatedly stress their advisory nature. (See, e.g., Doc. No. 48 at 24 ("[T]his material is presented with the goal of providing general guidance and instruction to staff. . . . All staff are expected to exercise and use good judgment while performing their duties.") (SEALED).) Plaintiff cites to Gray v. United States as support for his contention that such post orders are not in fact advisory in nature. (Doc. No. 55 at 8 (citing 486 Fed. App'x 975 (3d Cir. 2012).) In Gray, the Third Circuit held that a provision in an inmate handbook regarding the disposal of inmate razors was an official prescription that limited the discretion of prison officers. 486 Fed. App'x at 978. However, there the court relied on the fact that the inmate handbook had been officially incorporated into the Institution Supplement to set forth the local institutional procedures for showering. Id. Furthermore, unlike the Inmate Handbook in Gray, the post orders in this case contain language explicitly countenancing deviation from the guidelines when the need arises. (See Doc. No. 48 at 24.)

Given that Officer Walter's actions involved an act of judgment, this court must determine whether it was "the kind that the discretionary function exception was designed to shield." Mitchell, 225 F.3d at 363–64. The Third Circuit has repeatedly held that "how best to protect one inmate from the threat of attack by another" is the kind of conduct "that the discretionary function exception was designed to shield." *Donaldson v. United States*, 281 F.

5

App'x 75, 77 (3d Cir. 2008) (quoting *Mitchell*, 225 F.3d at 363); *see also, e.g.*, *Rinaldi v. United States*, 460 F. App'x 80 (3d Cir. 2012). Thus, Officer Walter's actions fall under the discretionary function exception and this court lacks jurisdiction over Plaintiff's tort claims regarding his conduct.

The relevant policies give prison officials discretion in how to assign work duties as well. (See Doc. No. 55 at 8–10.) The BOP's policy on work assignments state that an "inmate's unit team ordinarily makes work and program assignments" and that such assignments should be made with "consideration of the institution's security and operational needs, and should be consistent with the safekeeping of the inmate and protection of the public." (Doc. No. 51-1 at 23.) Even if Plaintiff's supervisors assigned him tasks that made it appear that he had an undue level of influence over inmate work assignments, such orders involved an element of judgment according to BOP policies. Similarly, the mistaken assignation of Smith to the bakery was a task containing an element of judgment.

Given that the actions complained of regarding the work assignments involved an element of judgment, this court must now consider whether they are of the kind that the discretionary function exemption was designed to shield. Given that the assignment of work details is intended to promote not only inmate rehabilitation, but the security needs of the facility, this conduct is of the kind intended to be covered by the discretionary function exception. See Donaldson, 281 F. App'x at 77. Thus, the conduct involving Plaintiff's and Smith's work assignments is also covered by the discretionary function exception, and this court is without jurisdiction to hear any claim stemming from that conduct.

## IV. Conclusion

Because this court finds that the conduct complained of falls within the discretionary function exception to the FTCA, it lacks subject matter jurisdiction to hear Plaintiff's claims. Accordingly, Plaintiff's claims must be dismissed.

An appropriate order will issue.