IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | Civil No. 1:13-CV-1085 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Kane, J.) |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| **Defendants.** | : | |

FILED
SCRANTON
MAR 21 2017
PER
DEPUTY CLERK

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION REQUESTING LIMITED JURISDICTIONAL DISCOVERY

Pursuant to Local Rule 7.5, Plaintiff herein submits his brief in support of his motion requesting limited jurisdiction discovery, and states the following in support thereof:

### I. Remand regarding jurisdiction issues.

On August 15, 2016, the United States Court of Appeal remanded this case to this Court for further proceedings consistent with the opinion in Middleton v. United States, No. 15-3412, 2016 WL 4269799 (3rd Cir. Aug. 15, 2016. This remand was based on Plaintiff's failure to protect claim and directed this Court to consider whether the Special Instructions and Specific Post Orders are advisory or mandatory and to consider whether a "negligent guard" theory can take some conduct outside the discretionary function exception, also, whether such a theory would apply to this case. Id. at 9. Both issues are in regard to whether the discretionary function exception is applicable to this case, thus, are jurisdictional questions.

## II. Jurisdictional discovery is required in this case.

The Supreme Court has held that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978). The Third Circuit has instructed that unless a plaintiff's claim is "clearly frivolous," jurisdictional discovery should be allowed. Toys "R" Us v. Step Two, S.A., 318 F.3d 446, 456 (3rd Cir. 2003) (citing Massachusetts School of Law at Andover, Inc. v. American Bar Ass"n, 107 F.3d 1026, 1042 (3d Cir. 1997))

In the instant case, Defendants have sought to submit certain documents be submitted under seal and in camera for the purpose of supporting their claim that Plaintiff does not have subject matter jurisdiction, because Defendant's actions were discretionary, therefore are immune from suit due to the discretionary function exception.

Plaintiff seeks to show that FCI Allenwood Special Instructions and Specific Post Orders are mandatory and that Officer Walter's actions, or inactions were based on laziness, carelessness and inattentiveness regarding his required duties. To adequately submit his reply to Defendants opposition to summary judgment, limited jurisdictional discovery needs to be conducted, to include, interrogatories and/or depositions of Lt. James Lyons, Lt. J. Olshefski, Officer Wayne Walters, and Officer Brian Messersmith.

### (a) Lt. James Lyons.

Lt. James Lyon is now Special Investigative Agent ("SIA") for Federal Correctional Complex Allenwood. However, on January 6, 2012, at the time of the assault upon Plaintiff his title was Special Investigative Supervisor ("SIS"). Lt. Lyons has long been the go to individual to attempt to shield the institution from lawsuits,

In this case, Lt. Lyons stated in his sealed declaration that Officer Walters did nothing wrong by opening the unit's doors for the evening meal and returning to his office, however, during previous litigation, in regard to beating death of inmate Rico Woodland, he described that an officer during a controlled move would typically observe inmates "coming in and out of the unit" and that "he can do that from from within inside [sic], standing right in the sally port, or standing outside on the sidewalk." Sledge v. United States, 883 F. Supp. 2d 71, 77 (2012) (Lyons Depo. 140:5-10).

In the Sledge case Officer Sweithelm was standing outside while Woodland was beaten to death, Lt. Lyons testified that is where he was suppose to be or either in the sally port. This testimony was accurate, since the post order states that the unit officer should "[n]ot leave the entrance doors unsupervised during times designated for inmates to move between the buildings." In the instant case Plaintiff was assaulted in the sally port, while Officer Walters sat in his office. Now, Lt. Lyons claims the officer can be wherever he wants to be during a controlled move. Warden Stanley Yates, warden at the time of the Sledge case, stated, "[I]f [a unit officer] went back in and stayed in" there would be no officer paying attention to the flow of traffic." To Warden Yates this would

3

constitute a dereliction of the officer's duty. Sledge v. Federal Bureau of Prisons, 2013 U.S. App. LEXIS 25940 at 6 (D.C. Cir. 2013)

Because Defendant's rely so heavily on the declaration of Lt. Lyons to establish the discretionary exception, Plaintiff should be given the opportunity to clarify the issue and question Lt. Lyons' inconsistent statement in regard to the post orders, thus, requiring jurisdictional discovery.

### (b) Lt. J. Olshefski

Defendants have relied on a portion of the FCI Allenwood post orders that they are guidelines, which the Operations Lieutenant may assign additional duties to as the need arises. Lt. J. Olshefski was the Operations Lieutenant on January 6, 2012, at the time Plaintiff was assaulted, by inmate Smith. Plaintiff should be given the opportunity to question Lt. Olshefski to determine if Officer Walters was assigned additional duties, to require him sitting in the office the whole meal, or whether his absence from the from door, as required, was due to laziness, carelessness, or inattentiveness to his Special Instructions and Specific Post Orders. This issue goes to jurisdiction and limited jurisdictional discovery should be allowed.

### (c) Officer Wayne Walters

The whole issue on remand is whether Officer Wayne Walters had a mandatory duty to stand at the door of Unit 2A, being highly visible, pat searching inmates, preventing inmates from other areas of the institution from entering Unit 2A, and to continuously monitor inmate traffic, or whether Officer Walters was acting in a lazy,

4

careless and inattentive manner to his duties. Defendants will oppose Plaintiff's claims of negligence and attempt to establish that the discretionary function is applicable in this case. Because this is a jurisdictional question, Plaintiff should be allowed to question Officer Walters prior to filing a reply to Defendant's opposition.

### (d) Officer Brian Messersmith

On January 6, 2012, Officer Brian Messersmith was the individual who called for assistance when he witnessed Plaintiff being assaulted by inmate Smith. In his Memorandum For All Concerned, he stated he was monitoring inmate traffic at the sally port doors in Unit 1B during mainline (evening meal). (See Doc 1, Ex. V). The Special Instructions for General Population Housing Units called for officers to monitor inmate traffic during movements. They also state the officer should not leave the entrance doors unsupervised, remain highly visible and to ensure no inmates from other areas are present. As well as the Special Instructions there was a Specific Post Order that stated officers will conduct pat searches of inmates entering and exiting the unit. Officer Messersmith was complying with all these directive. Plaintiff should be able to question Officer Messersmith to determine if he was following a suggested duty or a mandatory duty.

"District Courts retain considerable latitude in devising procedures it will follow to ferret out facts pertinent to jurisdiction." Ignatiev v. United States, 238 F.3d 464 (D.C. Cir. 2001). In this case Plaintiff should be allowed the opportunity of jurisdictional discovery to ferret out the facts in regard to the discretionary function exception.

Respectfully submitted,

Date; March 14, 2017

Terry Middleton, Pro se
1821 Avocado Blvd.
Bunnell, FL 32110

**CERTIFICATE OF SERVICE**

Plaintiff hereby certifies that a true and correct copy of the foregoing has been furnished Melissa A. Swauger, Assistant United States Attorney, 228 Walnut Street, 2nd Floor, Harrisburg, PA 17108 by U.S. Mail this 14th day of March, 2017.

Terry Middleton, Pro se

Terry Middleton
1821 Avocado Blvd.
Bunnell, FL 32110

JACKSONVILLE FL 320
14 MAR 2017 PM
FL-USPS-32043
MAR 14 2017

RECEIVED
SCRANTON
MAR 21 2017
PER _____ DEPUTY CLERK

Clerk of the Court
U.S. District Court
235 N. Washington Avenue
Scranton, PA 18503

18503-151299

RECEIVED
SCRANTON
MAR 20 2017
Per _____ DEPUTY CLERK