**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-01085** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **UNITED STATES OF AMERICA** | : | |
| **Federal Bureau of Prisons,** | : | |
| **Defendant** | : | |

<u>**ORDER**</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court are Plaintiff Terry Middleton's motion for limited jurisdictional discovery (Doc. No. 101), Plaintiff and Defendant United States of America's joint motion for a protective order (Doc. No. 106), Defendant's unopposed motion to exceed page limitations (Doc. No. 108), and Defendant's unopposed motion to seal (Doc. No. 109).

On August 15, 2016, the United States Court of Appeals for the Third Circuit issued an opinion affirming in part and vacating in part this Court's order dismissing Plaintiff's complaint for lack of jurisdiction. (Doc. No. 76-1.) The Third Circuit affirmed the dismissal of Plaintiff's negligent supervision claims for lack of jurisdiction. However, the Third Circuit vacated this Court's "determination that it lacked jurisdiction to hear [Plaintiff] Middleton's failure to protect claim." (<u>Id.</u> at 2, 9.) Specifically, the Third Circuit remanded the above-captioned action to this Court to: (1) "consider whether the Special Instructions and Specific Post Orders are advisory or mandatory;" and (2) consider whether a "negligent guard" theory – which could "take some conduct outside the discretionary function exception" – applies to this case. (<u>Id.</u> at 9.)

On September 23, 2016, Plaintiff filed a motion for summary judgment (Doc. No. 73) and a brief in support of its motion for summary judgment (Doc. No. 74). In support thereof,

1

Plaintiff argues that (1) there is no issue of material fact that Officer Walters was "negligent, lazy, careless and inattentive" in performing his duties to protect Plaintiff (Doc. No. 74 at 1-2); (2) it is "abundantly clear" that the "negligent guard" theory applies (id. at 2); (3) one specific post order and four specific instructions for general population housing units "prescribe[d] a specific course of action for [Officer] Walters to follow" (id. at 3); and (4) the record lacks any indication that an "additional duty" existed for which Officer Walters could disregard the specific post order and special instructions (id. at 4).

Defendant filed two motions for an extension of time to file a brief in opposition to Plaintiff's motion for summary judgment. (Doc. Nos. 77, 81.) Defendant represented that it needed additional time to obtain "newly discovered information" and to file the information under seal. (See Doc. No. 81 at 4.) Defendant filed motions to seal on December 21, 2016 and on January 13, 2016. (Doc. Nos. 82, 87.) On March 28, 2017, this Court denied Defendant's motions to seal and to submit documentation in camera (Doc. Nos. 82, 87), without prejudice to Defendant's ability to renew the motions. (Doc. No. 104.) Defendant has since renewed its requests to file documents under seal. (Doc. Nos. 106, 109.) In its renewed motions and with Plaintiff's concurrence, Defendant has proposed providing Plaintiff with access to the sealed documents at either Plaintiff's residence in Florida or at the United States Attorney's Office in Jacksonville, Florida. (See Doc. Nos. 106, 109.)

On March 10, 2017, Plaintiff also filed a motion requesting limited "jurisdictional" discovery. (Doc. No. 101.) Plaintiff contends serving interrogatories and/or conducting depositions on Lieutenant Lyons, Lieutenant Olshefski, Officer Walters, and Officer Messersmith are needed to "adequately submit his reply to Defendant['s brief in] opposition." (Doc. No. 102 at 2.) Specifically, Plaintiff seeks to question (1) Lieutenant Lyons about his

purportedly inconsistent statements about post orders, (2) Lieutenant Olshefski as to whether

Officer Walters was assigned additional duties at the time Plaintiff was assaulted, (3) Officer

Walters about whether he had a mandatory duty to continuously monitor inmate traffic or acted

in a "lazy, careless and inattentive manner to his duties," and (4) Officer Messersmith to

"determine if he was following a suggested duty or a mandatory duty" when Plaintiff was

assaulted.  (Doc. No. 102 at 2-5.)

　　　In support of his motion for limited "jurisdictional" discovery, Plaintiff argues that

Defendant "hold[s] [] all the cards and Plaintiff has none." (Doc. No. 107 at 1.)  Plaintiff reasons

that he has "never seen nor been given the opportunity to question or refute" the documents

submitted under seal and in camera.[1]  (See id.)  Plaintiff maintains that discovery is needed to

file a meaningful reply to Defendant's discretionary function exception argument by "show[ing]

that FCI Allenwood Special Instructions and Specific Post Orders are mandatory and that Officer

Walter's actions, or inactions were based on laziness, carelessness and inattentiveness regarding

his required duties." (Doc. No. 102 at 2; see Doc. No. 107 at 2.)  Defendant has objected to

Plaintiff's discovery requests.  (Doc. No. 105.)  Alternatively, Defendant stated that it "would

not object to conducting discovery limited to the two issues on remand" if Plaintiff were

"directed to withdraw his motion for summary judgment with the option of filing it at the close

of discovery."  (Id.)

---

[1] Federal Rule of Civil Procedure 56(d) "allows, in certain circumstances, for
supplemental discovery after a motion for summary judgment has been filed." Hicks v. Johnson,
755 F.3d 738, 743 (1st Cir. 2014) (citing Fed. R. Civ. P. 56(d)).  "Rule 56(d) states that '[i]f a
nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts
essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2)
allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other
appropriate order.'"  Shelton v. Bledsoe, 775 F.3d 554, 565-66 (3d Cir. 2015) (quoting Fed. R.
Civ. P. 56(d)).  Here, Plaintiff is the movant, seeks additional facts for his reply brief, and his
"motion requesting limited jurisdictional discovery" does not cite Federal Rule of Civil
Procedure 56(d) or accompany an affidavit or declaration.  (Doc. Nos. 101, 102.)

The Court is cognizant that Plaintiff is a pro se litigant, has identified the particular information sought, and has articulated reasons for requesting the information.  (Doc. Nos. 102, 107.)  The Court is also guided by the fact that, if "discovery is incomplete, a district court is rarely justified in granting summary judgment."  Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015) (internal citation omitted); accord Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) ("If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion.").  Accordingly, the Court will grant Plaintiff's motion requesting limited discovery and deny Plaintiff's motion for summary judgment without prejudice to Plaintiff refiling a motion for summary judgment at the close of the limited discovery period.[2]

**AND NOW**, on this 11th day of April 2017, upon consideration of Plaintiff Terry Middleton's motion for limited jurisdictional discovery (Doc. No. 101), Plaintiff and Defendant United States of America's joint motion for a protective order (Doc. No. 106), Defendant's unopposed motion to exceed page limitations (Doc. No. 108), and Defendant's unopposed motion to seal (Doc. No. 109), **IT IS ORDERED THAT**:

1. Plaintiff Terry Middleton's motion for limited jurisdictional discovery (Doc. No. 101), is **GRANTED** as follows:

   a. The Court will reopen discovery for a period of sixty (60) days during which Plaintiff may conduct discovery limited to the two issues on remand;

2. Plaintiff's motion for summary judgment (Doc. No. 73), is **DENIED WITHOUT PREJUDICE** to Plaintiff refiling a motion for summary judgment at the close of the sixty (60) day discovery period;

---

[2] "If the court is satisfied with the reasons presented in the Rule 56(d) affidavit or declaration as to why the party is not able to oppose the summary-judgment motion on the merits, the usual practice is to deny summary judgment without prejudice to the right to reapply at a later date, although at times the court does not explicitly say 'without prejudice,' or to grant a continuance of the summary-judgment hearing."  10B Fed. Prac. & Proc. Civ. § 2740 (4th ed.).

3. The parties' joint motion for protective order (Doc. No. 106), is **GRANTED** as follows:

    a. The stipulation (Doc. No. 106-1 at 2-6), attached to the joint motion for protective order will be binding with respect to the confidential treatment of the Declaration of SIS S. Prutzman with attachments;

    b. Defendant's documents, which were submitted under seal on December 21, 2016 (see Doc. No. 82), will remain sealed and available only to this Court for in camera review;

    c. Defendant is directed to mail copies of sealed documents, which were filed on December 21, 2016, by certified mail and in a sealed envelope only to Plaintiff Terry Middleton at 1821 Avocado Blvd., Bunnell, Florida 32110;

4. Defendant's unopposed motion to exceed page limitations (Doc. No. 108), is **DENIED AS MOOT**;

5. Defendant's unopposed motion to seal (Doc. No. 109), is **GRANTED**.  The documentation, video, and photographs, which are maintained by the Clerk's Office (Doc. Nos. 87, 88), will remain under seal pending further order of this Court.  The video, photographs, and accompanying declaration may be viewed by Plaintiff Terry Middleton only at the United States Attorney's Office in Jacksonville, Florida at a time mutually convenient to the parties.  Plaintiff Terry Middleton may not possess a copy of the video, photographs, and accompanying declaration.

<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania