IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY MIDDLETON, | : | |
| Plaintiff | : | |
| | : | No. 1:13-cv-01085 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff's motion for reconsideration of this Court's March 27, 2018 Order (Doc. No. 141), and motion to compel Defendant's compliance with this Court's March 27, 2018 Memorandum and Order (Doc. No. 143). Defendant has filed a brief in opposition to Plaintiff's motion for reconsideration (Doc. No. 145), as well as a certificate of nonconcurrence and concurrence (Doc. No. 146), providing that Defendant intends to file a brief in opposition to Plaintiff's motion to compel, but concurs with Plaintiff that the dispositive motion deadline should be extended pending resolution of the discovery-related motions. Defendant has subsequently filed a brief in opposition to Plaintiff's motion to compel on May 3, 2018. (Doc. No. 148.)

I.  BACKGROUND

On March 27, 2018, this Court granted in part Plaintiff's motion to compel discovery, denied Plaintiff's motion to strike a videotape under seal, and denied without prejudice Defendants' motion to dismiss or, in the alternative, motion for summary judgment, and Plaintiff's motion for judgment on the pleadings and motion for oral argument. (Doc. Nos. 139, 140.) The Court further directed the parties to renew their dispositive motions on or before April 26, 2018. (Doc. No. 140.)

1

On April 9, 2018, Plaintiff filed a motion for reconsideration of the Court's decision on his motion to strike the videotape. (Doc. No. 141.) Plaintiff also filed a motion to compel Defendant's compliance with this Court's March 27, 2018 Memorandum and Order, alleging that Defendant's responses to a number of interrogatories and requests for admissions were unresponsive and vague. (Doc. No. 143.) In the same motion, Plaintiff requests an extension of time to file dispositive motions pending the resolution of the discovery-related motions. (Id.) Defendant concurs that this Court should extend the dispositive motions deadline. (Doc. No. 146.) The Court will address Plaintiff's motion for reconsideration and the parties' request for an extension of time to file dispositive motions below. The Court will address Plaintiff's motion to compel (Doc. No. 143), in a separate Memorandum.

## II.    LEGAL STANDARD

The scope of a motion under Rule 59(e) "is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering or amending a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp.,

902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

Plaintiff requests that this Court reconsider the portion of its March 27, 2018 Memorandum and Order denying Plaintiff's motion to strike the videotape filed under seal. (Doc. No. 141). The basis of Plaintiff's motion appears to be his belief that Defendant has not produced to him the entire video and/or all surveillance video of CCTV camera 180, or that Defendant has edited the video. (Doc. No. 142 at 1.) The Court previously addressed these arguments in its March 27, 2018 Memorandum and Order. (Doc. Nos. 139, 140.)

Additionally, in his brief filed in support of his motion for reconsideration, Plaintiff confirms that he spoke with counsel for Defendant, who informed him that there are no other tapes of the assault. (Doc. No. 142 at 1.) Indeed, in Defendant's brief in opposition, Defendant acknowledges that it was ordered by this Court that to "the extent Defendant possesses or can obtain video footage from camera 180 that depicts the time from 5:24:15 pm to 5:27:24 on the date of [the] incident, Defendant is directed to submit the same under seal and in camera to this Court." (Id.) Defendant maintains that it "does not possess or have the ability to obtain the video footage from camera 180 from 5:24:15 pm to 5:27:24 pm on the date of the incident."

3

(Id.)  While Plaintiff may be dissatisfied with this response, Defendant cannot produce what does not exist.  See Brown v. Beard, No. 04-cv-2625, 2007 WL 210798, at *1 (M.D. Pa. Jan. 24, 2007).

Plaintiff's motion for reconsideration neither demonstrates an intervening change in controlling law nor provides any evidence that was not previously available to this Court. Rather, Plaintiff merely reasserts the same arguments he previously advanced.  This simply "cannot provide the basis for a successful motion for reconsideration."  See Blystone, 664 F.3d at 146.  Consequently, because Plaintiff does not advance an intervening change in controlling law, provide any evidence that was not previously available to the Court, and the Court does not find any manifest errors of law or fact in its prior Order, Plaintiff's motion for reconsideration will be denied.  Additionally, the Court will stay the dispositive motion deadline pending its resolution of Plaintiff's motion to compel.

## IV. CONCLUSION

In accordance with the foregoing, Plaintiff's motion for reconsideration (Doc. No. 141), is denied, and the applicable deadline for dispositive motions is stayed pending further Order of this Court.  An appropriate Order follows.