IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY MIDDLETON, | : | |
|     Plaintiff | : | |
| | : | No. 1:13-cv-01085 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA | : | |
| Federal Bureau of Prisons, | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is Plaintiff's motion to compel (Doc. No. 143), Defendant's compliance with this Court's March 27, 2018 Order (Doc. No. 140). The March 27, 2018 Order granted in part Plaintiff's previously-filed motion to compel Defendant's answers to a number of interrogatories and requests for admissions. (Doc. Nos. 139, 140.) Plaintiff filed a brief in support of his motion (Doc. No. 144), as well as a reply brief (Doc. No. 149), and Defendant has filed an oppositional brief (Doc. No. 148). The deadline for the filing of dispositive motions has been stayed pending the Court's resolution of the above discovery dispute. (Doc. No. 151.) Accordingly, this matter is ripe for disposition.

**I.     BACKGROUND**

The Court set forth the procedural posture of this matter in its March 27, 2018 Memorandum and, accordingly, incorporates said factual information herein. (Doc. No. 139.) Before the Court for consideration on remand from the United States Court of Appeals for the Third Circuit is: (1) "whether the Special Instructions and Specific Post Orders are advisory or mandatory"; and (2) whether a "negligent guard" theory – which could "take some conduct outside the discretionary function exception" – applies to this case. (Doc. No. 76-1 at 9.) On April 12, 2017, the Court issued an Order granting Plaintiff's motion for limited jurisdictional

discovery and reopened discovery to allow Plaintiff to conduct discovery limited to the above two issues on remand. (Doc. No. 112.) On March 27, 2018, the Court granted Plaintiff's motion to compel in part, and directed Defendant to answer interrogatory numbers five, seven, eight, and nine, and respond to Plaintiff's request for admissions numbered two and three. (Id.) Dissatisfied with the majority of Defendant's supplemental responses, Plaintiff now seeks an order to compel Defendant's compliance with this Court's March 27, 2018 Memorandum and Order. (Doc. Nos. 139, 140.)

Plaintiff avers that Defendant's supplemental responses are unresponsive and vague. (Doc. No. 143.) The remaining discovery dispute involves whether various portions of the special instructions and specific post orders in this case were added subsequent to the October 15, 2002 beating of Rico Woodland, an inmate who was beaten to death by another inmate, and which formed the basis for Sledge v. United States, 883 F. Supp. 2d 71 (D.C. Cir. 2012), wherein it was alleged that the United States negligently failed to detect and stop the assault on Woodland, which resulted in his death. Id.

## II. LEGAL STANDARD

### A. Motion to Compel

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure, will be disturbed only on a showing of an abuse of discretion. See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). McConnell v. Can. Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

### B. Request for Admissions

Federal Rule of Civil Procedure 36 authorizes a party to serve on any other party a written request to admit, for purposes related only to the pending action, the truth of any matters within the scope of Rule 26(b)(1) as relating to:

(A) Facts, the application of law to fact, or opinions about either; and

(B) The genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1)(A)-(B). Rule 36 permits a responding party to object to any requests for admission, but requires that "the grounds for objecting to the request be stated" and "a party must not object solely on grounds that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

### III. DISCUSSION

The following interrogatories remain at issue:

7. Was the Special Instruction that, "Unit Officers will not leave the unit doors unsupervised during movements" added subsequent to the 2002 beating of Rico Woodland?

3

Response: Special Instructions get reviewed and approved by the Captain and Unit Manager every quarter. The exact quarter when "Unit Officers will not leave the unit doors unsupervised during movements" was included in the Special Instructions is unknown.

8. Was the Special Instruction that "Unit Officers will conduct pat searches of inmates entering and exiting the unit in order to control conveyance of contraband," added subsequent to the 2002 beating of Rico Woodland?

Response: Special Instructions get reviewed and approved by the Captain and Unit Manager every quarter. The exact quarter when "Unit Officers will conduct pat searches of inmates entering and exiting the unit in order to control conveyance of contraband" was included in the Special Instructions is unknown.

9. Was the Specific Post Order that states, "After the unit has been released for the evening meal, conduct checks and shakedowns of inmate entering and exiting the unit to ensure no inmate(s) from other areas are present," added subsequent to the 2002 beating of Rico Woodland?

Response: Specific Post Orders get reviewed and approved by the Captain and Unit Manager every quarter. The exact quarter when "After the unit has been released for the evening meal, conduct checks and shakedowns of inmate entering and exiting the unit to ensure no inmate(s) from other areas are present" was included in the Specific Post Orders is unknown.

(Doc. No. 144 at 2-3.)

The following requests for admission remain at issue:

2. Admit or deny that the Special Instructions[] General Population Housing Units at 6, which states, "Unit Officers will not leave unit entrance doors unsupervised during movements," was implemented subsequent to October 15, 2002.

Response: It is admitted only that Special Instructions get reviewed and approved by the Captain and Unit Manager every quarter. When "Unit Officers will not leave unit entrance doors unsupervised during movements" was included in the Special Instructions is denied because the exact quarter the aforementioned language was included is unknown.

3. Admit or deny that the Special Instructions General Population Housing Units at 6, which states, "Unit Officers will conduct pat searches of inmates entering and exiting the unit in order to control conveyance and contraband," was implemented subsequent to October 15, 2002.

> Response: It is admitted only that Special Instructions get reviewed and approved by the Captain and Unit Manager every quarter. When "Unit Officers will conduct pat searches of inmates entering and exiting the unit in order to control conveyance and contraband" was included in the Special Instructions is denied because the exact quarter the aforementioned language was included is unknown.

(Id. at 4, 5.)

Plaintiff continues to argue that Defendant's responses are vague and unresponsive to his discovery requests. (Id.) Plaintiff contends that it is "unbelievable" that Defendant does not know the date when the subject special instructions and post orders were implemented. (Id. at 2.) Plaintiff seeks a straightforward answer from Defendant as to whether these special instructions and post orders were implemented after the Rico Woodland beating in 2002, Plaintiff contends that if they were so implemented, these special instructions and post orders were put in place to set forth a specific course of action for officers to follow. (Id.)

Defendant argues that it has properly responded to the requests in conformance with this Court's March 27, 2018 Order, by providing that the special instructions and specific post orders are reviewed quarterly by the captain and unit manager. (Doc. No. 148 at 3.) However, Defendant asserts that the exact quarter and year of the added or revised quoted text provided by Plaintiff in his discovery requests is unknown. (Id.) Specifically, Defendant maintains that the captain and unit manager who were employed at the time in October 2002 when Rico Woodland was attacked are no longer employed by the Bureau of Prisons ("BOP"). (Id.) Moreover, Defendant contends that the special instructions and specific post orders are retained for only three years. (Id. at 3, 4.) Consequently, the special instructions and specific post orders from 2002 are likely no longer maintained by the BOP. (Id. at 4.) Additionally, while Plaintiff avers that these special instructions and post orders were submitted under seal in the Sledge case, and therefore, must be retained or archived by the BOP, Justice Department, or the Court, Defendant

5

argues that they are unable to access the BOP post orders in the <u>Sledge</u> case because they are sealed. (<u>Id.</u> at 4.) Lastly, Defendant provides that while it was unable to track the changes in the special instructions and specific post orders dated sixteen years ago, it has provided Plaintiff with the special instructions and specific post orders from January 6, 2012, the date he was attacked. (<u>Id.</u> at 5.)

In reviewing the remaining discovery requests and Defendant's answers, it is evident that Plaintiff's central inquiry as to each of these requests is the precise dates that the special instructions and specific post orders, as set forth in the discovery requests, were implemented. The Court has already determined that these requests are relevant. (Doc. No. 139.) While Defendant supplemented its responses to these requests to include that the special instructions and specific post orders are reviewed quarterly, the precise quarter and year that the language in the special instructions and specific post orders Plaintiff seeks is unknown to Defendant because it no longer maintains the records of these changes, given that they are retained for three years. (Doc. No. 148 at 3, 4.) The Court is constrained to conclude that in the absence of a showing from Plaintiff that the within-named Defendant is in possession of the information Plaintiff seeks to discover, the Court is inclined to deny the motion to compel. <u>See</u> <u>generally</u> <u>Harris v. Koenig</u>, 271 F.R.D. 356, 371 (D.D.C. 2010) ("Lack of evidence showing that a producing party is in fact in possession of a document is grounds to deny a motion to compel.") (citations omitted); Fed. R. Civ. P. 34 (requiring that parties are required only to produce documents already in existence or in their "possession, custody, or control"). Indeed, Defendant has provided that despite its attempt to track the changes in the special instructions and specific post orders dated sixteen years ago, it is unable to do so. (Doc. No. 148 at 5.) <u>See</u> <u>Amfosakyi v. Frito Lay</u>, No. 1:11-cv-651, 2011 WL 5593133, at *3 (M.D. Pa. Nov. 17, 2011) (providing that "[i]t is clear that the

court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by the parties who attest that they do not possess the material sought by an adversary in litigation").

However, Plaintiff contends that because defense counsel serves as counsel for the BOP, and the BOP submitted the pertinent documents Plaintiff seeks under seal in the Sledge case, Defendant should have the ability to retrieve these special instructions and specific post orders. (Doc. No. 149 at 2.) While this argument is persuasive, Defendant maintains that despite its efforts, it is unable to locate any such document because the documents are likely no longer retained. (Doc. No. 148 at 5.) Notwithstanding this argument, to the extent that Defendant has the ability to obtain the pertinent documents, whether through accessing the document on the docket applicable to Sledge or through the BOP's own records, that set forth the date on which the special instructions and specific post orders were implemented as requested by Plaintiff, Defendant is advised to produce the same. See Alexander v. BF Labs Inc., Civ. No. 14-2159, 2015 WL 3649460, at *3 (D. Kan. June 11, 2015) (compelling defendant to produce documents in defendant's possession in current action that were submitted under seal in another federal case to which defendant was a party). Accordingly, Defendant will be directed to file an update with the Court within ten (10) days from the date of the Order entered concurrently with this Memorandum advising the Court of its efforts.[1] The Court will hold in abeyance its ruling on the instant motion to compel pending the filing of Defendant's update.

---

[1] The Court pauses to note that if Defendant is unable to produce the relevant document requests at issue, this may have preclusive effects on a subsequently-filed motion for summary judgment, as the issue of when the special instructions and specific post orders set forth in Plaintiff's discovery requests were implemented appears to create a genuine issue of material fact.

## IV. CONCLUSION

In accordance with the foregoing, Defendant will be directed to file an update with the Court within ten (10) days of the date of the Order issued concurrently with this Memorandum, advising the Court of its efforts and results in obtaining the special instructions and specific post orders that are the subject of Plaintiff's current motion to compel. The Court will hold in abeyance its disposition of Plaintiff's motion to compel (Doc. No. 143), pending the filing of Defendant's update. An appropriate Order follows.