# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | Civil No. 1:13-CV-1085 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **UNITED STATES OF AMERICA,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.  Factual Background

This is a civil action initiated by Terry Middleton, a federal inmate arising out of a January 6, 2012 incident in which it is alleged that Middleton was assaulted by another inmate. The gist of Middleton's claims against the defendants is that they collectively failed to protect Middleton from harm at the hands of this fellow prisoner.

The parties are currently engaged in discovery litigation relating to these claims. As part of this discovery litigation, Middleton has filed a motion to compel the defendants to produce additional information, (Doc. 143), a related motion for

clarification, (Doc. 156), and two motions calling for the issuance of a subpoena *duces tecum*. (Docs. 158 and 160.)

These discovery disputes concern certain post orders that were in place at the prison that provided direction to staff concerning the movement of inmates. With respect to these post orders, Middleton has propounded a series of interrogatories and requests for admission that seek to compel the defendants to determine whether specific additions were made to the post orders after a 2002 incident in which another inmate, Rico Woodland, was beaten at the prison. Thus, in these requests, Middleton seeks a chronological provenance on the 2012 post orders, and specifically seeks a definitive answer regarding whether certain modifications in those orders followed an incident which took place at the prison a decade earlier in 2002. The defendants have responded to these interrogatories and requests for admission by reporting that they cannot determine when these editorial changes were made.

Middleton has also propounded additional discovery requests stemming from *Sledge v. United States*, 883 F.Supp.2d 71 (D.C. Cir. 2012), a lawsuit brought by personal representatives of Rico Woodland a/k/a Rico Sledge, which alleged that the United States negligently failed to detect and stop the 2002 assault on Woodland, which resulted in his death. *Sledge*, 883 F.Supp.2d 75. Middleton seeks certain records from the case file in this prior litigation in an effort to determine the nature of the post orders in effect at the time of this prior incident.

The United States is seeking to comply with these request and reports as follows:

> With regard to the *Sledge* case, it was defended by the United States Attorney's Office in the District of Columbia. Undersigned counsel spoke with one of the Assistant United States Attorney's (AUSA) who defended the *Sledge* case and learned that the *Sledge* case file was requested from archives. However, the case file that was sent was the appellate file, rather than the district court file. The United States Attorney's Office in the District of Columbia has requested the district court file. Once it is received, it will be reviewed to determine if the file contains any post orders. If post orders are found in the *Sledge* file, the defendant will take the necessary steps to provide the post orders to the court and Middleton, which will likely require filing a motion to submit the documents under seal and then seek a protective order.

(Doc. 159.)

Notwithstanding these efforts, Middleton has requested that we order the issuance of a subpoena *duces tecum* compelling the production of this case file, which the United States reports that it is actively working to recover. (Docs. 158, 160.)

With the discovery issues framed in this fashion, these motions are now ripe for resolution. For the reasons set forth below, it will be ordered these motions will be DENIED, with one exception. The Government will be required to provide Middleton with a status update on its efforts to recover the *Sledge* file on or before March 6, 2019.

## II. Discussion

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, he may move for an order compelling disclosure or discovery. Fed. R Civ. P. 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv). In this case, Torres is seeking to compel further responses to document requests that he has propounded in support of his claims.

Rule 26(b), in turn, generally defines the scope of discovery permitted in a civil action, and prescribes certain limits to that discovery. That rule now provides as follows:

> **(b) Discovery Scope and Limits.**
>
> **(1)** *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is considered to be "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" *In re Suboxone*

*(Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401).

Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. *Robinson v. Folino*, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); *see also Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Although decisions relating to the scope of discovery rest with the discretion of the district court, that discretion is nevertheless limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Accordingly, "[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance and privilege." *Robinson*, No. 14-227, 2016 WL 4678340, at *2 (citing *Jackson v. Beard*, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits. . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.,* 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing *Scott Paper Co. v. United States,* 943 F.Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.,* 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.,* 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.,* 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches nonprivileged matter that is relevant to any party's claim or defense. Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues.

The same considerations apply to requests for the issuance of subpoenas *duces tecum* like those sought by Middleton. On this score, " '[r]ule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and

6

entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *OMS Invs., Inc. v. Lebanon Seaboard Corp.,* No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008).' *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013)." *Landau v. Zong*, No. 3:15-CV-1327, 2017 WL 6336630, at *2 (M.D. Pa. Dec. 12, 2017).

"A party moving to compel bears the initial burden of showing the relevance of the requested information." *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate. *Robinson*, No. 14-227, 2016 WL 4678340, at *2. However, one other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. *See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, No. 08-5904, 2010 WL 5186088 (E.D. Pa. Dec. 21, 2010); *Knauss v. Shannon*, No. 08-1698, 2009 WL 975251 (M.D. Pa. April 9, 2009).

Judged against these benchmarks, we find that the defendants have adequately responded to Middleton's discovery requests, which seek a chronological

7

provenance on the 2012 post orders, and specifically seek a definitive answer regarding whether certain modifications in those orders followed an incident which took place at the prison a decade earlier, in 2002 by replying that they cannot determine when these editorial changes were made. While this answer may not be personally satisfying to Middleton, who seeks greater clarity on this issue, mindful of the fact that a party cannot be compelled coproduce information which is unknown, we find this response, which we credit, to be sufficient. In short, while Middleton may seek further specificity, in the exercise of our discretion we cannot compel the defendants to provide answers which they attest are beyond their current knowledge.

Likewise, given the steps being taken by the United States to retrieve and produce relevant records from the *Sledge* file, in the exercise of our discretion we will decline Middleton's invitation to issue subpoenas *duces tecum* at this time. Instead, we will require the government to provide a further status update on its efforts in this regards in the next 30 days.

An appropriate order follows.

### III. <u>Order</u>

AND NOW, this 6th day of February 2019, IT IS ORDERED that the plaintiff's motion to compel the defendants to produce additional information, (Doc. 143), a related motion for clarification, (Doc. 156), and two motions calling for the

issuance of a subpoena *duces tecum* (Docs. 158 and 160), are DENIED with one exception. The Government is required to provide Middleton with a status update on its efforts to recover the *Sledge* file on or before **March 6, 2019**.

<pre>
                          /s/ Martin C. Carlson
                          Martin C. Carlson
                          United States Magistrate Judge
</pre>